IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:25-CT-03312-M-RJ

LAMARQUIS SMALLWOOD,  )
         )
    Plaintiff,  )
         )    **ANSWER**
  v.      )   **(Jury Trial Demanded)**
         )
NURSE MADDOX, et al.,  )
         )
    Defendants. )

NOW COME Defendants Cora Mattocks and Brenita Gilliard (hereinafter

"Defendants")[1], by and through undersigned counsel, answering Plaintiff's Complaint

[D.E. 1]:

### FIRST DEFENSE – ANSWER

Except as specifically admitted herein, Defendants deny all allegations and

requests for relief in Plaintiff's Complaint.  Otherwise, Defendants respond as follows to

Sections of the Complaint:

### I.  THE PARTIES TO THIS COMPLAINT

Answering Section I-A, The Plaintiff(s), there are no allegations directed toward

---

[1] At this time, Defendant Carter, who is no longer employed by NCDAC, has not been served [D.E. 17]; however, for judicial efficiency, upon service being perfected on Ms. Carter, Defendants wish to incorporate her answer herewith.

Defendants, and therefore no response is required. To the extent a response is required it is admitted that Plaintiff is a prisoner in the custody of the North Carolina Department of Adult Correction and at the time of filing the Complaint, was housed at Eastern Correctional Institution. Except as admitted herein, Section I-A is denied.

Answering Section I-B, The Defendant(s), it is admitted that at all relevant times, Defendants were medical staff at Eastern Correctional Institution. Except as admitted herein, Section I-B is denied.

## II.     BASIS FOR JURISDICTION

Answering Section II, Basis for Jurisdiction, there are no allegations directed toward Defendants, and therefore no response is required. To the extent a response is required, it is admitted upon information and belief that Plaintiff's Complaint purports to be a claim under 42 U.S.C. § 1983. Except as admitted herein, Section II is denied.

## III.     PRISONER STATUS

Upon information and belief and answering Section III, Prisoner Status, there are no allegations directed toward Defendants, and therefore no response is required.  To the extent a response is required, it is admitted that Plaintiff is a prisoner in the custody of the North Carolina Department of Adult Correction and that Plaintiff is a convicted and sentenced state prisoner.

2

## IV.    STATEMENT OF CLAIM

It is admitted that on July 17, 2025, Plaintiff had an A1C level of 7.7 and that he was diagnosed with type 2 diabetes. It is denied that medication was not ordered, as Plaintiff's medication (Glilpizide XL) was ordered and placed in Direct Observation Therapy (DOT).

It is admitted that on August 9, 2025, Plaintiff submitted a grievance regarding not having received his medication. It is admitted that Plaintiff's medication was moved to the Keep on Person (KOP) pill line on September 17, 2025. It is further admitted that once Plaintiff received his medication that he was not compliant with taking the medication as prescribed. It is further admitted that on September 28, 2025, Plaintiff's A1C level was 15.5. The remaining allegations in Section IV are denied.

It is specifically denied that Defendants violated the Eighth Amendment, or any other Amendment to the U.S. Constitution as referenced in the Complaint. Except as herein specifically admitted, the remaining allegations contained in Section IV of the Complaint are denied.

## V.    INJURIES

Answering Section V, Injuries, it is denied that Plaintiff suffered any injury.

## VI.    RELIEF

Answering Section VII, Relief, it is denied that Plaintiff is entitled to any relief.

3

## VII.   ADMINISTRTATIVE PROCEDURES

To the extent a response is required to Section VII, Exhaustion of Administrative Remedies, it is admitted that Plaintiff indicates that he has submitted grievances pursuant to the Administrative Remedy Procedure regarding this incident. It is further admitted that Plaintiff's grievance is in writing and speaks for itself. Except as admitted herein, the allegations in Section VII are denied.

## VIII.   PRISONER'S LITIGATION HISTORY

Answering Section VIII, Prisoner's Litigation History, it is admitted that this lawsuit is not barred pursuant to 28 U.S.C. § 1915(g).

## IX.   PLAINTIFF'S DECLARATION AND WARNING

Answering Section IX, Plaintiff's Declaration and Warning, there are no factual allegations contained in this section of the Complaint, and, therefore, no response is required. To the extent a response is required, any allegations contained in this section of the Complaint are denied.

**ANY AND ALL OTHER ALLEGATIONS MADE IN PLAINTIFF'S COMPLAINT, INCLUDING THE RELIEF REQUESTED AND ANY ALLEGATIONS CONTAINED IN THE ATTACHMENTS THERETO, EXCEPT AS SPECIFICALLY ADMITTED ABOVE, ARE HEREBY DENIED. FURTHER, ANSWERING THE COMPLAINT OF THE PLAINTIFF AND AS FURTHER DEFENSES THERETO, DEFENDANTS AVER:**

4

## SECOND DEFENSE – QUALIFIED IMMUNITY

Plaintiff's claims are barred by qualified immunity because Defendants did not violate any clearly established statutory or constitutional rights of which a reasonable person would have known.

## THIRD DEFENSE – OFFICIAL CAPACITY IMMUNITY

To the extent Plaintiff seeks to recover monetary damages from Defendants in their official capacity, the immunity provided by the Eleventh Amendment to the United States Constitution and sovereign immunity bar the recovery of such damages.  The State of North Carolina has not consented to suit or otherwise waived such immunity.

## FOURTH DEFENSE – FAILURE TO STATE A CLAIM

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Plaintiff fails to state a claim upon which relief can be granted, and Defendants plead this failure in bar of Plaintiff's claims against them. The Complaint, construed in the light most favorable to Plaintiff, as a matter of law, does not allege facts sufficient to support a finding that Defendants violated Plaintiff's rights under the Constitution or federal law. Lastly, the Complaint, construed in the light most favorable to Plaintiff, as a matter of law, does not allege facts sufficient to state any other legally cognizable claims.

## FIFTH DEFENSE – NO PROXIMATE CAUSE

Defendants' conduct was at all times in accordance with the applicable standards

5

of care and no alleged act or alleged failure to act was the proximate cause of any injury to Plaintiff.

## SIXTH DEFENSE – CONTRIBUTORY NEGLIGENCE

Plaintiff had a duty to exercise reasonable care for his own safety and well-being. As a direct and proximate result of his own contributory negligence, Plaintiff contributed in whole or in part to the injury of which Plaintiff now complains, and Defendants plead the contributory negligence of Plaintiff in bar of Plaintiff's claims.

## SEVENTH DEFENSE – FAILURE TO MITIGATE DAMAGES

Should the evidence show that Plaintiff failed to mitigate his damages, Defendants plead such failure as a bar to Plaintiff's claims, or alternatively, as a reduction of Plaintiff's alleged damages.

## EIGHTH DEFENSE

At all times relevant to the matters set forth in the Complaint, Defendants acted reasonably, in good faith, and complied with all pertinent constitutional, statutory and regulatory authority, all of which are pled as a complete defense to the Plaintiff's claims asserted in this action.

## RESERVATIONS OF RIGHTS

Without waiving any other defenses or immunities asserted herein, Defendants assert any and all other legal or equitable defenses and/or immunities that currently

6

exist and/or may be discovered hereinafter.

## PRAYER FOR RELIEF

WHEREFORE, Defendants hereby pray the Court as follows:

1. That Plaintiff's Complaint be dismissed with prejudice;

2. That Plaintiff have and recover nothing from Defendants;

3. That the costs of this action, including reasonable attorneys' fees, be taxed against Plaintiff;

4. For a trial by jury on all issues so triable; and

5. For such other and further relief as the Court deems just and proper.

This the 26th day of June 2026.

**JEFF JACKSON**
**Attorney General**

/s/Laura S. Jenkins
Laura S. Jenkins
Special Deputy Attorney General
N.C. State Bar No. 24827
N.C. Department of Justice
Public Safety Section
P.O. Box 629
Raleigh, NC 27602-0629
Telephone: (919) 716-6858
Facsimile: (919) 716-6761
E-mail: ljenkins@ncdoj.gov

# CERTIFICATE OF SERVICE

I hereby certify that, on this day, I electronically filed the foregoing with the Clerk of the Court utilizing the CM/ECF system, and I further hereby certify that I mailed this document to the following non-CM/ECF participant, first-class United States Mail, postage prepaid, addressed as follows:

> Lamarquis Smallwood
> OPUS 0753153
> Eastern Correctional Institution
> PO Box 215
> Maury, NC 28554
> *Pro Se Plaintiff*

Dated this the 26th day of June 2026.

/s/Laura S. Jenkins
Laura S. Jenkins
Special Deputy Attorney General